# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

TIMMY JOE ROGERS,

    *Defendant.*

Case No. 18-cr-10018-01-EFM

## MEMORANDUM AND ORDER

This matter is before the Court on two motions by Defendant Timmy Joe Rogers. First, Defendant moves to dismiss Count 2 of the Second Superseding Indictment (Doc. 86). Second, Defendant moves for a bill of particulars as to Counts 1 and 2 of the Second Superseding Indictment (Doc. 87). For the following reasons, the motions are denied.

### I.     Factual and Procedural Background

Defendant Rogers was originally charged with two counts of sex trafficking a minor by way of solicitation pursuant to 18 U.S.C. § 1591(b)(2). The first count allegedly happened on March 30, 2014, and the second count on July 7, 2014. The Government later filed a Superseding Indictment charging Defendant with two counts of sex trafficking a minor by way of recruitment and enticement pursuant to 18 U.S.C. § 1591(a)(1). Again, the first count allegedly happened on March 30, 2014, and the second count on July 7, 2014.

On February 27, 2019, the Government filed a Second Superseding Indictment against Defendant. Count 1 charges Defendant with sex trafficking and attempted sex trafficking a minor by way of recruitment and enticement pursuant to 18 U.S.C. § 1591(a)(1) between March 30 and July 7, 2014 (encompassing both the March 30 and July 7 dates). Count 2 charges Defendant with a new offense: enticement and attempted enticement of a minor pursuant to 18 U.S.C. § 2422(b) between February 24 and July 7, 2014 (encompassing both the February 24 and July 7 dates). Specifically, Count 2 alleges that Defendant persuaded, induced, and enticed a minor "to engage in any sexual activity for which any person can be charged with a criminal offense (that is, a violation of KSA 21-5506(a)(1), Indecent Liberties with a Child, and KSA 21-5506(b)(1), Aggravated Indecent Liberties with a Child) using a facility or means of interstate or foreign commerce."

Defendant now moves to dismiss Count 2 of the Second Superseding Indictment for failure to state an offense under Fed. R. Crim. P. 12(b)(3)(B)(v). Defendant also moves for a bill of particulars as to both counts of the Second Superseding Indictment. Defendant contends that it has no way of knowing whether the Government is charging two separate offenses or if Count 2 is charged in the alternative. It also contends that it is not clear whether the Minor Victim in Count 2 is the same person identified in Count 1. The Government has responded to the motions, and the Court held a hearing on them on June 4, 2019.

## II. Analysis

### A. Motion to Dismiss

Count 2 alleges that Defendant persuaded, induced, and enticed Minor Victim "to engage in any sexual activity for which a person can be charged with a criminal offense" under Kansas state law in violation of 18 U.S.C. § 2422(b). The relevant portion of § 2422(b) provides:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in . . . **any sexual activity for which any person can be charged with a criminal offense**, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.[1]

Defendant argues the phrase "any sexual activity for which any person can be charged with a criminal offense" in § 2422(b) does not, by its silence, incorporate state law offenses, and therefore, Count 2's reference to two Kansas statutory offenses is unlawful.

Defendant's argument is one of first impression before this Court and the Tenth Circuit. In fact, Defendant cannot point to a single decision addressing whether the language of § 2422(b) incorporates state law offenses. Instead, Defendant primarily relies on *Jerome v. United States*,[2] a Supreme Court decision from 1943, in support of his position.

In *Jerome*, the Supreme Court interpreted § 2a of the 1937 version of the Bank Robbery Act, which provided in part:

> whoever shall enter or attempt to enter any bank, or any building used in whole or in part as a bank, with intent to commit in such bank or building, or part thereof, so used, **any felony or larceny**, shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.[3]

The conduct alleged to constitute "any felony or larceny" in that case was uttering a forged promissory note—a felony under Vermont law.[4] The Fifth Circuit affirmed Jerome's conviction, but the Supreme Court reversed, holding that that the term "felony" as used in § 2a of the Act did

---

[1] 18 U.S.C. § 2422(b) (emphasis added).

[2] 318 U.S. 101 (1943).

[3] *Id*. at 101 (emphasis added).

[4] *Id*. at 102.

not incorporate state law.[5] In its analysis, the Supreme Court cautioned that "we must generally assume, in the absence of a plain indication to the contrary, that Congress when it enacts a statute is not making the application of the federal act dependent on state law."[6]

Defendant argues that in light of *Jerome*'s holding, the term "criminal offense" in § 2422(b) only incorporates federal law offenses and not state law ones.  Defendant argues that if Congress intended for § 2422(b) to incorporate state law offenses then it expressly should have stated so in the statute.  But *Jerome* does not stand for the proposition that Congress must expressly incorporate state laws into a statute.  That decision only interprets the word "felony" as used in § 2a of the Bank Robbery Act.  Furthermore, in its analysis, the Supreme Court noted that the legislative history showed that Congress removed state felonies from the initial bill, indicating that it did not intend to incorporate state felonies into the statute.[7]  The Supreme Court also noted that § 2a defines the terms "robbery, burglary, and larceny" but not the term "felony," implying that the term "felony" does not include state offenses.[8]  In § 2422(b), however, the phrase at issue is not preceded by a federal crime but by a state or local crime, i.e., prostitution.[9]  Accordingly, the Court is not persuaded that it must construe § 2422(b) to only incorporate federal criminal offenses based on *Jerome*.

---

[5] *Id*. at 102, 104.

[6] *Id*. at 104.

[7] *Id*. at 105-06.

[8] *Id*. at 106.

[9] 18 U.S.C. § 2422(b).

Defendant also relies on dicta from the Seventh Circuit's decision in *United States v. Taylor*.[10] The defendant in that case was charged with violating § 2422(b) based on two Indiana state law offenses.[11] In its analysis, the Seventh Circuit noted that "[f]or a federal statute to fix the sentence for a violation of a broad category of conduct criminalized by state law, such as 'any sexual activity for which any person can be charged with a criminal offense,' is a questionable practice."[12] Defendant urges the Court to treat this statement as an unequivocal interpretation of § 2422(b). But, as the Court noted at the hearing, the Seventh Circuit only pontificated that the incorporation of state law offenses in § 2422(b) was a "questionable practice." It did not fully address the issue in its decision because the defendant did not raise it in his defense.[13]

Overall, the Court is not persuaded that the phrase "any sexual activity for which any person can be charged with a criminal offense" in § 2422(b) only incorporates federal offenses and not state law ones. No defendant has ever challenged this issue before. Moreover, when courts have interpreted this statute in the context of a constitutional challenge, they have held, and sometimes simply assumed, that state law offenses are incorporated.[14] Accordingly, this Court concludes that the Government's inclusion of Kan. Stat. Ann. § 21-5506(a)(1), Indecent Liberties

---

[10] 640 F.3d 255 (7th Cir. 2011).

[11] *Id*. at 256.

[12] *Id*.

[13] *Id*.

[14] *See, e.g., United States v. Dwinells*, 508 F.3d 63, 71-72 (1st Cir. 2007) (rejecting First Amendment challenge and listing cases defining "criminal offenses" to include state offenses); *United States v. Dhingra*, 371 F.3d 557, 564-65 (9th Cir. 2004) ("The practical reality is that the application of § 2422(b) is limited to the jurisdiction and venue restrictions of state and federal law."); *United States v. McDarrah*, 2006 WL 1997638, at *6 (S.D.N.Y. 2006), *aff'd*, 352 F. App'x 558 (2d Cir. 2009) ("Properly read, § 2422 requires that if committed, the sexual activity must be a crime under state law.").

with a Child, and Kan. Stat. Ann. § 21-5506(b)(1), Aggravated Indecent Liberties with a Child, in Count 2 of the Second Superseding Indictment is lawful. Defendant's Motion to Dismiss is denied.

**B.      Motion for Bill of Particulars**

Under Rule 7(f) of the Federal Rules of Criminal Procedure, a district court may direct the Government to file a bill of particulars. "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense."[15] A bill of particulars is unnecessary when the indictment sets forth the elements of the offense and adequately informs the defendant of the charges to enable him to prepare for trial.[16] It is also unnecessary "where the information the defendant seeks is available through some other satisfactory form, such as an open file discovery policy."[17]

Defendant moves for a bill of particulars on both Counts of the Second Superseding Indictment. Defendant complains that the current indictment charges him with a "laundry list" of means of committing the two crimes over a period of months without identifying any specific dates or communications to constitute those means. To remedy this confusion, Defendant requests that Government be ordered to identify (1) the specific communications on the specific dates constituting both recruitment and enticement for Count 1 and (2) the specific communications on the specific dates constituting persuasion, inducement, and enticement for Count 2.

---

[15] *United States v. Higgins*, 2 F.3d 1094, 1096 (10th Cir. 1993) (quoting *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988)).

[16] *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996).

[17] *United States v. Bell*, 2017 WL 1479376, at *6 (D. Kan. Apr. 25, 2017) (quoting *United States v. Griffith*, 362 F. Supp.2d 1263, 1278 (D. Kan. 2005)).

The Government, however, is not required to provide Defendant such particularized information. The Tenth Circuit has generally held that a defendant is on fair notice when the indictment tracks the statutory language.[18] Both Counts 1 and 2 of the Second Superseding Indictment track the elements of the statutes thereby enabling Defendant to prepare his defense and allowing him the opportunity to plead double jeopardy in the event of a later prosecution. During the hearing, the Government also explained that Count 1 and Count 2 were being charged as two separate offenses and that the Minor Victim is the same person in both Counts.[19] Additionally, the Government has provided Defendant with discovery, including Defendant's Facebook communications with the minor victim over several months. Defendant may review this discovery to determine the specific communications and dates at issue.

Defendant also complains that the Government has not alleged the essential elements of the crimes of *attempted* sex trafficking in Count 1 and *attempted* enticement in Count 2. "To prove an attempt, the government must show (1) specific intent to commit the crime, and (2) a substantial step towards completion of the crime."[20] While the Government must prove these elements to convict Defendant of the crimes charged, it is not required to allege these elements in the indictment. Both Counts 1 and 2 track the statutory language of the crimes of attempted sex trafficking and attempted enticement. This is sufficient. Defendant's Motion for a Bill of Particulars is denied.

---

[18] *See Dunn*, 841 F.2d at 1029 ("An indictment is generally sufficient if it sets forth the offense in the words of the statute so long as the statute adequately states the elements of the offense.") (internal quotation marks and citation omitted).

[19] Defendant's counsel indicated during the hearing that this information adequately addressed some of his concerns regarding the ambiguity of the Second Superseding Indictment.

[20] *United States v. Isabella*, 918 F.3d 816, 831 (10th Cir. 2019).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Count Two (Doc. 86) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Bill of Particulars (Doc. 87) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 11th day of June, 2019.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE