# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 18-10018-EFM

TIMMY JOE ROGERS,

    *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on the government's Appeal of Magistrate Judge Ruling (Doc. 82). On April 5, 2019, Magistrate Judge Gale issued an order granting in part Defendant's Motion to Modify Conditions of Pretrial Release. The government objects to Judge Gale's determination that the motion was properly before the Court and for his finding that the statutory provision violated procedural due process and was thus unconstitutional. For the reasons described in more detail below, the Court finds that the motion was properly before the Court. The Court, however, reverses the determination that § 3142(c)(1)(B) is facially unconstitutional.

### I.     Factual and Procedural Background

Defendant Rogers was originally charged with two counts of sex trafficking a minor by way of solicitation pursuant to 18 U.S.C. § 1591(b)(2). The first count allegedly happened on March 30, 2014, and the second count on July 7, 2014. The government later filed a Superseding

Indictment charging Defendant with two counts of sex trafficking a minor by way of recruitment and enticement pursuant to 18 U.S.C. § 1591(a)(1). On February 27, 2019, the government filed a Second Superseding Indictment against Defendant. The indictment charged Defendant with one count of sex trafficking or attempted sex trafficking of a minor pursuant to 18 U.S.C. § 1591(a)(1) between March 30 and July 7, 2014 (encompassing both the March 30 and July 7 dates) and one new count of enticement or attempted enticement between February 24 and July 7, 2014, pursuant to 18 U.S.C. § 2422(b).

Defendant had his initial appearance before Magistrate Judge Gale on February 7, 2018. On February 9, Judge Gale conducted a detention hearing. Defendant was represented by counsel. Pretrial services recommended Defendant's release on bond with certain conditions. The government agreed and withdrew its motion for detention.

Defendant was released on bond. Pursuant to 18 U.S.C. § 3142(c)(1)(B), known as the Adam Walsh Child Protection and Safety Act (the "Adam Walsh Act"), Judge Gale imposed certain mandatory conditions, which included a curfew and electronic monitoring. Defendant did not object to these conditions.

On March 6, 2019, Defendant filed a Motion to Modify Conditions of Release. In this motion, Defendant requested that the curfew and electronic monitoring conditions be removed. He argued that the mandatory imposition of pretrial release conditions based on the nature of the crime charged was unconstitutional.

The government objected to Defendant's motion. The government first argued that Defendant's motion was untimely because it was brought approximately 13 months after the conditions were imposed. Next, the government asserted that the mandatory conditions were not unconstitutional.

Judge Gale held a hearing on the motion. On April 5, 2019, Judge Gale issued a written opinion granting, in part, Defendant's motion. Judge Gale first found that the motion was timely. Next, he determined that the mandatory conditions were unconstitutional. Specifically, he found that a provision in 18 U.S.C. § 3142(c)(1)(B) violated Defendant's right to procedural due process under the Fifth Amendment.

At a later hearing, however, Judge Gale determined that despite the unconstitutionality of mandatory conditions, the conditions were reasonably appropriate in Defendant's case. Thus, he issued a written opinion denying Defendant's request to remove the conditions. The government now appeals Judge Gale's finding that Defendant's motion was timely and Judge Gale's holding that § 3142(c)(1)(B) is unconstitutional. This Court held a hearing on June 4, 2019.

## II. Analysis

The government brings its motion pursuant to Fed. R. Crim. P. 59(a) which allows a district court to review a magistrate judge's non-dispositive order as long as the party files its objection within 14 days of the order. The government filed its objection and appeal within 14 days. At the hearing, there was discussion as to whether the government's motion was moot. Judge Gale issued two written opinions. The first opinion granted in part Defendant's motion to modify and found that the statutory provision was unconstitutional. The government filed its objection and appeal within 14 days of this order. On the same day that the government filed its motion, Judge Gale issued a second opinion denying Defendant's motion to modify conditions and left Defendant's bond conditions in place. His ruling on the constitutional issue, however, remained unchanged.

The Court determines that the government's objection and appeal is *not* moot. Pursuant to Fed. R. Crim. P. 59(a), under which the government brings its motion, a district court can review a magistrate judge's non-dispositive order as long as the party files its objection within 14 days of

the order. Rule 59(a) also provides that the district judge "must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." Furthermore, the finding of the provision as facially unconstitutional has implications beyond this case, as a successful facial constitutional challenge invalidates the challenged law in all circumstances.[1] Thus, the Court will employ the standard of review under Rule 59 and determine whether Judge Gale's findings are contrary to law or clearly erroneous.

**A.     Timeliness**

In Judge Gale's order, he found that Defendant's motion was properly before the court. Specifically, he found that 18 U.S.C. § 3142(c)(3) provided the avenue for his review.[2] Section 3142(c)(3) provides that "the judicial officer may at any time amend the order to impose additional or different conditions of release." Specifically, Judge Gale stated that this statutory provision "allow[ed] the judge who set the original bond broad latitude to adjust the bond as the case moves forward." Because Judge Gale set the original bond, he (as the judicial officer) may at any time amend the order to impose different conditions of release. Thus, although he noted that it was a difficult question whether Defendant's failure to object when the bond was originally issued constituted a waiver, he ultimately found that Defendant did not waive his right.

The government first asserts that Judge Gale erred in finding Defendant's motion timely. The government relies on Fed. R. Crim. P. 59, which sets the limit for review of a magistrate's

---

[1] *Doe v. City of Albuquerque*, 667 F.3d 1111, 1127 (10th Cir. 2012) (noting that when a statute fails a facial constitutional test that it cannot be constitutionally applied to anyone).

[2] Defendant moved to modify through § 3145(a)(2) and § 3142(c)(3). Judge Gale found § 3145(a), as well as § 3142(f), inapplicable.

non-dispositive order as 14 days.³ Thus, the government contends that because Defendant's motion was brought more than 14 days after Judge Gale entered Defendant's bond conditions, Defendant's motion was untimely.

This rule, however, is inapplicable. Rule 59(a) governs a district court's review of a magistrate judge's non-dispositive order. In this case, a district judge was *not* reviewing the magistrate judge's order. Instead, the magistrate judge was reviewing or re-evaluating his own order setting the conditions of the bond, and whether to modify those conditions. Thus, it was not the district court's review, and Rule 59(a) is inapplicable.

The government additionally contends that Judge Gale's decision was contrary to law because he did not follow the analysis from another recent decision in the District of Kansas, *United States v. Doby*.⁴ Although the underlying facts in *Doby* are similar to the facts here, there is one distinct procedural difference. In *Doby*, the motion to modify was heard and decided by the district judge assigned to the case. This fact played a part in Judge Teeter's analysis.

In a footnote, Judge Teeter noted the procedural inapplicability of § 3142(c)(3) to the defendant's motion to modify for two reasons. Specifically, she stated that § 3142(c)(3) was applicable to the judicial officer who entered the initial release order (which was not her).⁵ That key distinction is present in this case. Judge Gale entered the initial release order and considered the request to modify the bond conditions. Thus, § 3142(c)(3) is applicable to Judge Gale.

---

³ *See* Fed. R. Crim. P. 59(a).

⁴ 2019 WL 343257 (D. Kan. Jan. 28, 2019). This case is on expedited appeal to the Tenth Circuit Court of Appeals. Defendant suggests that this Court could stay the proceedings here until the Tenth Circuit issues its decision. As will be noted, the Court finds that there is sufficient procedural difference that makes it unnecessary to stay its decision here.

⁵ *Doby*, 2019 WL 343257, at *3 n.5.

Judge Teeter also noted that § 3142(c)(3) "specifies when the <u>judicial officer</u> may act <u>not</u> when a party may move."[6] This statement does not help the government. Although Defendant filed the motion, Judge Gale also found that he could act under §3142(c)(3). Section 3142(c)(3) provides that "[t]he judicial officer may at any time amend the order to impose additional or different conditions of release." There is no limitation in this statutory provision precluding a judicial officer from acting if the issue was brought before the Court by motion. Indeed, there is no limitation in this statutory provision as to when the judicial officer may act. Thus, the Court does not find Judge Gale's determination that Defendant's motion was properly before the Court contrary to law or erroneous.

**B.      Constitutionality**

Pursuant to the Adam Walsh Act,[7] "any release order shall contain, at a minimum, a condition of electronic monitoring" and certain other conditions, such as a specified curfew. Defendant brought a motion to modify asserting that these two mandatory conditions under § 3142(c)(1)(B) were unconstitutional, both procedurally and substantively. Specifically, Defendant argued that the provision violated the due process clause of the Fifth Amendment.[8]

Judge Gale addressed the procedural component of the statute finding it unnecessary to make a further distinction between substantive and procedural due process.[9] He specifically found that the provision in the statute was facially unconstitutional because it fell short of procedural due

---

[6] *Id.*

[7] Pub. L. 109-248, 120 Stat. 587 (July 27, 2006).

[8] Defendant also asserted an argument under the Eighth Amendment, but Judge Gale did not address it. Thus, it is not an issue before this Court.

[9] Judge Gale noted that Defendant's procedural and substantive challenges were "rather blurred."

process protections and thus violated the due process clause of the Fifth Amendment. He first found that there was no question that the conditions implicated a substantial liberty interest because they involved government monitoring.[10] Judge Gale then found that there were no procedures to *not* impose the requirements, which amounted to the procedures being constitutionally insufficient. Thus, he determined that § 3142(c)(1)(B) was facially unconstitutional.

A party can make a facial challenge, an as-applied challenge, or both to a statute. A facial challenge looks to the application of the statute to all parties.[11] Facial challenges are generally disfavored.[12] "A facial challenge to a legislative Act is . . . the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."[13] "[A]n as-applied challenge tests the application of [the] restriction to the facts of a plaintiff's concrete case."[14] "Sequentially, courts should put off facial attacks and analyze as-applied ones first to avoid having to strike down, unnecessarily, an act of Congress."[15]

The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty or property without due process of law."[16] It protects individuals from two types of government

---

[10] He noted that submitting to 24-hour government monitoring through a curfew and electronic monitoring is a substantial restriction on liberty.

[11] *iMatter Utah v. Njord*, 774 F.3d 1258, 1264 (10th Cir. 2014) (citation omitted).

[12] *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 450 (2008).

[13] *United States v. Salerno*, 481 U.S. 739, 745 (1987). The Court recognizes that there has been some criticism of the "no set of circumstances" standard articulated in *Salerno* and cases in which it has not been applied. *See Doe*, 667 F.3d at 1124 (collecting cases).

[14] *iMatter Utah*, 774 F.3d at 1264 (citation omitted).

[15] *United States v. Frederick*, 2010 WL 2179102, at *7 (D.S.D. 2010) (citing *Grange*, 552 U.S. at 450).

[16] U.S. Const. amend. V.

action.[17] Substantive due process "prevents the government from engaging in conduct that shocks the conscience . . . or interferes with rights implicit in the concept of ordered liberty."[18] The substantive component "forbids the government to infringe certain 'fundamental' liberty interests *at all*, no matter what process is provided, unless the infringement it narrowly tailored to serve a compelling state interest."[19] If a challenge "survives substantive due process scrutiny, it must still be implemented in a fair manner."[20] Procedural due process insures that "government action depriving a person of life, liberty or property . . . [is] implemented in a fair manner."[21]

As noted above, Judge Gale found it unnecessary to distinguish further between substantive and procedural due process and appeared to only address procedural due process. This Court will first address substantive due process and then procedural due process. Here, Defendant cannot identify a fundamental liberty interest that was infringed upon. His issue is with the electronic monitoring and curfew imposed upon him while awaiting trial. As the United States Supreme Court has stated, pretrial conditions generally do not amount to punishment but instead are regulatory solutions.[22] Specifically, the Supreme Court has found that detention in some cases does not amount to punishment and thus is not an infringement on an individual's fundamental

---

[17] *Salerno*, 481 U.S. at 746.

[18] *Id*. (internal quotation marks and citations omitted).

[19] *Reno v. Flores*, 507 U.S. 292, 302 (1993) (citations omitted).

[20] *Salerno*, 481 U.S. at 746 (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

[21] *Id.* (citation omitted).

[22] *Id.* at 746-47.

liberty interest.[23] Surely release with limited conditions of curfew and electronic monitoring would not infringe on an individual's fundamental liberty interest if detention does not.

In addition, the Supreme Court has "repeatedly held that the Government's regulatory interest in community safety can, in appropriate circumstances, outweigh an individual's liberty interest."[24] Here, "the government's interest in preventing crime by arrestees is both legitimate and compelling."[25] The statutory provision at issue is tailored to certain individuals who are accused of certain crimes.[26] Congress has decided that certain conditions, such as electronic monitoring and curfew, "are minimal conditions to be imposed on defendants accused of certain crimes involving children."[27] Thus, Defendant cannot successfully mount a substantive due process challenge because he cannot identify a fundamental liberty interest.

In looking at a procedural due process challenge, the Court considers two questions. First, the Court must determine "whether there exists a liberty or property interest which has been interfered with by the State."[28] Next, the Court considers "whether the procedures attendant upon that deprivation were constitutionally sufficient."[29]

---

[23] *Id.*

[24] *Id.* at 748.

[25] *Id.* at 749 (citation omitted).

[26] *See* 18 U.S.C. § 3142(c)(1)(B).

[27] *United States v. Stephens*, 594 F.3d 1033, 1041 (8th Cir. 2010) (Smith, concurring).

[28] *Kentucky Dep't of Corrns. v. Thompson*, 490 U.S. 454, 460 (1989) (citation omitted).

[29] *Id.* (citation omitted).

"Protected liberty interests 'may arise from two sources-the Due Process Clause itself and the laws of the States.' "[30] As noted above, Defendant does not sufficiently identify a protected liberty interest. To the extent, however, that he does identify or have a liberty interest interfered with by the state, there were constitutionally sufficient procedures in place.

Here, Judge Gale entered the Order Setting Conditions of Release during Defendant's arraignment and pretrial hearing. He imposed the conditions after review of the Pretrial Services Report and Recommendations. The Government had requested detention of Defendant but withdrew that request at the hearing after reviewing and adopting the recommendation of Pretrial Services. The procedure followed in this case is the typical procedure followed in every criminal case in this district.

It is true that the Pretrial Services included the recommendation of such mandatory conditions of electronic monitoring and curfew. There were, however, constitutionally sufficient procedures in place to protect against any infringed liberty interest. First, § 3142(c)(1)(B) requires that the judicial officer determine that a defendant's release is "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." Presumably, Judge Gale looked at the recommended conditions to determine that they were the least restrictive conditions notwithstanding their mandatory nature.[31]

---

[30] *Thompson*, 490 U.S. at 460 (quoting *Hewitt v. Helms*, 459 U.S. 460, 466 (1983)).

[31] A magistrate judge does not have to follow the Pretrial Services Report and Recommendation but considers it when making a decision.

In addition, the imposition of electronic monitoring and curfew conditions can be tailored to the individual Defendant. As noted by one court,

> The Bail Reform Act is still an outline a judicial officer follows when determining the conditions of pretrial release, giving the officer discretion constrained by the requirement that the accused be released pending trial subject to the least restrictive appropriate conditions. The Act is not rendered unconstitutional because Congress deemed it appropriate to direct a judicial officer's attention to specific conditions when determining prerelease conditions in certain cases.[32]

In addition, as the Eighth Circuit Court of Appeals held when finding this specific provision constitutional,

> Section 216 [§ 3142(c)(1)(B)] does not deprive child pornography defendants of a detention hearing or an individualized determination whether detention or release is appropriate. As relevant here, the only effect of § 216 is to require *a* curfew and *some* electronic monitoring. The defendant remains entitled to a detention hearing and a large number of individualized determinations— including an individualized determination as to the extent of any mandatory conditions of release.[33]

Indeed, even in this case, although a curfew was imposed upon Defendant, the curfew hours were not set in the Order Setting Conditions of Release. Instead, the Order stated that curfew was imposed "as directed by the pretrial services office or supervising officer."

To sustain a facial challenge to the procedures of the Bail Reform Act, the Court only needs to find the procedures adequate to authorize the conditions in certain situations.[34] "The fact that

---

[32] *United States v. Cossey*, 637 F. Supp. 2d 881, 891 (D. Mont. 2009); *see also Frederick*, 2010 WL 2179102, at *8 (finding that the defendant's facial due process challenge was easily disposed of because there were defendants for whom electronic monitoring and curfew were appropriate and noting a judicial officer has discretion in setting the conditions).

[33] *Stephens*, 594 F.3d at 1039.

[34] *Salerno*, 481 U.S. at 745.

the Bail Reform Act might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid."[35] In this case, Defendant does not identify a sufficient liberty interest nor does Defendant identify a lack of sufficient process. Thus, the Court concludes that Judge Gale's determination that the statute is unconstitutional is clearly erroneous.[36]

**IT IS THEREFORE ORDERED** that the government's Appeal of Magistrate Judge (Doc. 82) is hereby **DENIED IN PART** and **GRANTED IN PART**.

The Court affirms Judge Gale's finding that the motion was timely. The Court, however, reverses the holding that § 3142(c)(1)(B) is unconstitutional.

**IT IS SO ORDERED**.

Dated this 18th day of June, 2019.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[35] *Id.*

[36] Ultimately, Judge Gale determined that the conditions were necessary in this case. Thus, the conditions were not unconstitutionally applied to Defendant as these conditions were the least restrictive conditions to secure his appearance at trial.